IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEREMY JOHN WELLS; ALAN LEE ROMERO; MICHAEL BRANDON HILL; JOSHUA WESTOVER; and MATTHEW FREETHY-SWIMM, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CV 120-134 ) |
| WARDEN EDWARD PHILBIN; UNIT MANAGER CLIFORD BROWN; CORRECTION OFFICER FLUKER; CORRECTION OFFICER MOSS; CORRECTION OFFICER WADE; CORRECTION OFFICER EVERET; and CORRECTION OFFICER WOODS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiffs, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and Plaintiff Jeremy Wells filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 3.)

### I.   BACKGROUND

Plaintiffs commenced this case by submitting a ten-page complaint, along with several exhibits, to the Clerk of Court in the Southern District of Georgia. (Doc. no. 1.) Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 against Defendants regarding unsafe prison conditions at ASMP. Only Plaintiff Wells filed a motion to proceed IFP. (See doc. no. 3.)

**II.    DISCUSSION**

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.  In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in five new lawsuits, with

the same filing dates and five separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiff Wells' motion to proceed IFP into the new case number associated with him. Once the five new lawsuits are opened, all Plaintiffs, except for Plaintiff Wells, must submit their own motions to proceed IFP or pay the full filing fee within twenty-one days of the date the Clerk opens the case.

SO REPORTED and RECOMMENDED this 19th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA